1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
8
WESTERN DISTRICT OF WASHINGTON
9                                            AT TACOMA

10   JOHN CARLISLE,

11                              Petitioner,             CASE NO. C12-5439 BHS-JRC

12        v.                                            REPORT AND RECOMMENDATION:

13   SCOTT RUSSELL.                                     NOTED FOR:  OCTOBER 19, 2012

14                              Respondent.

15          The District Court has referred this petition for a writ of habeas corpus to United States

16   Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1)

17   (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a

18   state conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

19          Respondent has filed an answer and argues that the petition is time barred pursuant to the

20   one-year statute of limitations set forth in 28 U.S.C. 2244 (d) (ECF No. 7). Respondent also

21   argues that petitioner is not entitled to any form of equitable tolling (ECF No. 7). Petitioner did

22   not respond or file a traverse. The Court recommends dismissing the petition as time barred.

23
24

1                                    DISCUSSION

2          Federal habeas corpus petitions are subject to a statue of limitations under the 1996

3    amendments to 28 U.S.C. § 2244 (d), as part of the Antiterrorism and Effective Death Penalty

4    Act (AEDPA).   28 U.S.C. § 2244 (d) provides as follows:

5              (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
               corpus by a person in custody pursuant to the judgment of a State court.  The
6              limitation period shall run from the latest of-
                   (A)  the date on which the judgment became final by conclusion of direct review
7              or the expiration of the time for seeking such review;
                   (B)  the date on which the impediment to filing an application created by State
8              action in violation of the constitution or laws of the United States is removed, if the
               applicant was prevented from filing by such State action;
9                  (C)  the date on which the factual predicate of the claim or claims presented could
               have been discovered through the exercise of due diligence.
10             (2)  The time during which a properly filed application for State post-conviction or
               other collateral review with respect to the pertinent judgment or claim is pending
11             shall not be counted toward any period of limitation under this subsection.

12         A.      Facts.

13         Petitioner pled guilty to first degree robbery, first degree burglary, second degree assault,

14   and unlawful possession of a firearm (ECF No. 8, Exhibit 1). A Pierce County Superior Judge

15   sentenced petitioner to consecutive sentences with the longest sentence being 108 months. The

16   Superior Court also imposed a mandatory 36 months firearm enhancement on the assault

17   conviction which runs concurrent with all other sentences. Thus, the in custody portion of the

18   sentence is 144 months (ECF No. 8, Exhibit 1). The Superior Court entered the sentence July 29,

19   2009 (ECF No. 8, Exhibit 1). This sentence was within the standard range. Petitioner had no

20   right to appeal under state law. *See* RCW 9.94A.585 (1).

21         B.      Procedural history and discussion.

22         Because there is no right to direct review, the judgment and sentence became final for

23   habeas corpus statute of limitations purposes on the date they were entered, July 29, 2009.

24

1   Pursuant to 28 U.S.C.A. § 2244 (d) (1) (A), the limitation period begins on the date on which the

2   state court judgment became final by the conclusion of direct review or the expiration of the time

3   for seeking such review.

4   On July 28, 2010, petitioner filed a personal restraint petition in the Washington State

5   Court of Appeals (ECF No. 8, Exhibit 2). This tolled the running of the one-year statute of

6   limitations with two days remaining on the time for filing a federal habeas corpus petition.  The

7   Washington State Court of Appeals denied the petition (ECF No. 8, Exhibit 5). Petitioner sought

8   discretionary review and the statute of limitation remained tolled pursuant to 28 U.S.C. § 2244

9   (d) (2), (ECF No. 8, Exhibit 6). This also tolled the running of the statute of limitations.  The

10  Washington State Supreme Court Commissioner denied review (ECF No. 8, Exhibit 7).

11  Petitioner sought to modify that ruling (ECF No. 8, Exhibit 8), again, tolling the statute of

12  limitations. The Washington State Supreme Court denied the motion to modify the

13  Commissioner's ruling on March 7, 2012 (ECF No. 8. Exhibit 9). The two days remaining on the

14  one-year statute of limitation began to run the next day, March, 8, 2012. The last day for

15  petitioner to file a timely petition was March 9, 2012. The petition in this case was not filed until

16  May 17, 2012.   Therefore, it is time barred.

17  Petitioner did not respond to the answer and has not argued or shown any entitlement to

18  equitable tolling.

19  Therefore, the Court recommends dismissal of the petition as time barred and denial of a

20  Certificate of Appealability.

21  A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

22  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

23  (COA) from a district or circuit judge.  A certificate of appealability may issue only if a

24

petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253 (c) (2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have

fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

review by the district judge.  *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit

imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on

October 19, 2012, as noted in the caption.

Dated this 27th day September, 2012.

J. Richard Creatura
United States Magistrate Judge